UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PHILANDER PHILIPPEAUX,

                 Plaintiff,

-against-

UNITED STATES OF AMERICA, *et al.*,

                 Defendants.

19-CV-3221 (CM)

ORDER OF DISMISSAL

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff, appearing *pro se,* brings this action challenging grand jury testimony that resulted in a criminal indictment in the matter of *United States v. Philippeaux*, No. 13-CR-0277-2 (RWS) (S.D.N.Y. Feb. 2, 2016). Plaintiff paid the filing fee to initiate this action. The Court dismisses the complaint, with 30 days' leave to replead his conspiracy claims.

## STANDARD OF REVIEW

The Court has the authority to dismiss a complaint, even when the plaintiff has paid the filing fee, if it determines that the action is frivolous, *Fitzgerald v. First E. Seventh Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000) (per curiam) (citing *Pillay v. INS*, 45 F.3d 14, 16-17 (2d Cir. 1995) (*per curiam*) (holding that Court of Appeals has inherent authority to dismiss frivolous appeal)), or that the Court lacks subject matter jurisdiction, *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). A claim is "frivolous when either: (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal quotation marks and citation omitted). The Court is obliged, however to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations

omitted) (emphasis in original).

## BACKGROUND

Plaintiff brings this action under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671-80, alleging that Defendants committed "tortious acts" and violated the Eighth Amendment's Cruel and Unusual Punishment Clause. This alleged conduct took place during Plaintiff's now closed criminal proceeding. *See Philippeaux*, No. 13-CR-0277-2 (RWS). He names as defendants the United States of America; United States Attorney's Office (USAO) for the Southern District of New York; and the United States Drug Enforcement Administration (DEA).

The following facts are taken from the complaint: Defendants used "fraud to mislead the Grand Jury in order to indict the Petitioner, to cause intentional infliction of emotional distress," as well as other harms. (Compl. at 5.) The USAO and the DEA presented misleading evidence to a grand jury and conspired "to use a fraudulent, non-existent phone number [omitted], fake phone records and calls[ ] [t]o give testimonial evidence to the Grand Jury to mislead the Grand Jury into indicting the Petitioner of a crime he did not commit." (*Id.* at 6.)

Plaintiff also claims that individuals employed by Defendants conspired for the purpose of violating his rights, in violation of *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).[1]

Plaintiff seeks money damages.

On June 27, 2018, Plaintiff filed a motion under 28 U.S.C. § 2255, *Philippeaux v. United States*, No. 18-CV-5974 (RA) (SN), challenging his judgment of conviction entered in

---

[1] Plaintiff also refers to 42 U.S.C. § 1983, but that statute concerns the conduct of state actors, not federal actors. *Id.*

2

*Philippeaux*, No. 13-CR-0277-2 (RWS). He asserts that his lawyers provided ineffective assistance of counsel, claiming that they failed to challenge the Court's jurisdiction to impose a sentence and to argue that a "fraud" had been "practiced upon" the Court.

On March 11, 2019, Plaintiff filed a complaint against his former criminal defense lawyers, claiming that they committed legal malpractice when representing him in the 13-CR-0277 criminal proceeding. *See Philippeaux v. Entin*, No. 19-CV-2205 (RA). Although he asserts claims of legal malpractice, he essentially raises the same claims that he raises in the § 2255 motion.

## DISCUSSION

**A.     FTCA claims**

The FTCA provides for a waiver of sovereign immunity for injuries arising from the tortious conduct of federal officers or agents acting within the scope of their office or employment. 28 U.S.C. § 1346(b)(1).

Before bringing a claim in a federal district court under the FTCA, a claimant must first exhaust his administrative remedies by filing a claim for monetary damages with the appropriate federal government entity and must receive a final written determination. *See* 28 U.S.C. § 2675(a). Such an administrative claim must be in writing, specify the amount of damages sought, and be filed within two years of the claim's accrual. 28 U.S.C. §§ 2401(b), 2675(a); *A.Q.C. ex rel Castillo v. United States*, 715 F. Supp. 2d 452, 457 (2d Cir. 2010) (citing *Millares Guiraldes de Tineo v. United States*, 137 F.3d 715, 720 (2d Cir. 1998)).

A claimant may thereafter challenge the agency's final denial in a federal district court by filing an action within six months of the date of the mailing of the notice of final denial by the agency. *See* § 2401(b). If no written final determination is made by the appropriate federal entity within six months of the date of the claimant's filing of the administrative claim, the claimant

may then bring a FTCA action in a federal district court. *See* § 2675(a). "[T]he FTCA's time bars are nonjurisdictional and subject to equitable tolling." *United States v. Kwai Fun Wong,* 135 S. Ct. 1625, 1638 (Apr. 22, 2015).

Plaintiff's FTCA claims are therefore dismissed without prejudice for failure to exhaust his administrative remedies.[2]

**B.** *Bivens* **claims**

To state a claim for relief under *Bivens*, a plaintiff must allege facts that plausibly show that: (1) the challenged action was attributable to an officer acting under color of federal law, and (2) such conduct deprived him of a right, privilege, or immunity secured by the Constitution. *See Thomas v. Ashcroft*, 470 F.3d 491, 496 (2d Cir. 2006) (citing *Bivens*, 403 U.S. at 389). *See Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) ("[*Bivens*] is the federal analog to suits brought against state officials under [§ 1983]."); *Morales v. City of New York*, 752 F.3d 234, 237 (2d Cir. 2014) (holding that district court properly construed § 1983 claims brought against federal employee as arising under Bivens).

A *Bivens* action must be brought against an individual for the individual's own acts, *see Ziglar v. Abbasi*, 137 S. Ct. 1843, 1860 (2017), and may not be brought against federal agencies, *see Correctional Services Corp. v. Malesko*, 534 U.S. 61, 68 (2001).

**1. DEA agents may not be sued under the doctrine of witness immunity for their grand jury testimony**

The Court construes Plaintiff's complaint as asserting claims against individual DEA agents because federal agencies may not be sued under *Bivens*. *See Ziglar*, 137 S. Ct. at 1860

---

[2] To the extent Plaintiff seeks damages for conduct by federal prosecutors, "the FTCA does not authorize suits for intentional torts based upon the actions of Government prosecutors." *Bernard v. United States*, 25 F.3d 98, 104 (2d Cir. 1994).

4

(2017). But Plaintiff's claims against DEA agents for their alleged false testimony before a grand jury must be dismissed because those agents are immune from suit. Grand jury and trial court witnesses, including law enforcement officers, are absolutely immune from liability for damages for their testimony, even if their testimony was false. *Rehberg v. Paulk*, 566 U.S. 356, 366-69 (2012); *Briscoe v. LaHue*, 460 U.S. 325 (1983); *Coggins v. Buonora*, 776 F.3d 108, 113-14 (2d Cir. 2015); *San Filippo v. U.S. Trust Co. of N.Y., Inc.*, 737 F.2d 246, 254 (2d Cir. 1984).

### 2. Government attorneys may not be sued under the doctrine of prosecutorial immunity for their conduct during the grand jury proceeding

The Court also construes the complaint as asserting claims against individual prosecutors with the USAO. But these claims must be dismissed because federal prosecutors are absolutely immune.

Prosecutors are immune from civil suits for damages for acts committed within the scope of their official duties where the challenged activities are not investigative in nature but, rather, are "intimately associated with the judicial phase of the criminal process." *Simon v. City of New York*, 727 F.3d 167, 171 (2d Cir. 2013) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)); *see also Buckley v. Fitzsimmons*, 509 U.S. 259 (1993) (holding that absolute immunity is analyzed under "functional approach" that "looks to the nature of the function performed, not the identity of the actor who performed it"). In addition, prosecutors are absolutely immune from suit for acts that may be administrative obligations but are "directly connected with the conduct of a trial." *Van de Kamp v. Goldstein*, 555 U.S. 335, 344 (2009). "Absolute immunity . . . is also extended to officials of government agencies 'performing certain functions analogous to those of a prosecutor . . . .'" *DiBlasio v. Novello*, 344 F.3d 292, 296-97 (2d Cir. 2003) (citation omitted).

Here, Plaintiff's claims against USAO federal prosecutors are based on actions within the scope of their official duties and associated with the judicial phase of the criminal process.

5

Therefore, these claims are dismissed based on absolute immunity. Because these claims are well "within the distinguishable heartland of immune prosecutorial conduct," the Court also dismisses these claims as frivolous. *Flagler v. Trainor*, 663 F.3d 543, 551 (2d Cir. 2011); *Collazo v. Pagano*, 656 F. 3d 131, 134 (2d Cir. 2011) (holding that claim against prosecutor is frivolous if it arises from conduct that is "intimately associated with the judicial phase of the criminal process").

   3. **Plaintiff's Eighth Amendment claim is dismissed because the Eight Amendment does not apply to this case**

Although a plaintiff may bring a *Bivens* action under the Eighth Amendment, *Carlson v. Green*, 446 U.S. 14, 18 (1980), the Eighth Amendment's Cruel and Unusual Punishment Clause does not apply here because Plaintiff's claims do not arise out of his incarceration. The Cruel and Unusual Punishment Clause only protects individuals who are incarcerated after being convicted of a crime. *Ingraham v. Wright*, 430 U.S. 651, 671, 97 S. Ct. 1401, 1412, 51 L. Ed. 2d 711 (1977). The Court therefore dismisses Plaintiff's Eighth Amendment claim for failure to state a claim.

C. **The Court construes Plaintiff's conspiracy claim as arising under 42 U.S.C. § 1985(3) and dismisses it**

Section 1985 prohibits conspiracies to deprive "any person or class of person of the equal protection of the laws, or of equal privileges and immunities under the laws." 42 U.S.C. § 1985(3). To state a claim under § 1985, a plaintiff must allege facts showing: (1) a conspiracy (2) for the purpose of depriving him of the equal protection of the laws, or the equal privileges or immunities under the laws; (3) an overt act in furtherance of the conspiracy; and (4) an injury to his person or property, or a deprivation of his right or privilege as a citizen of the United States. *Thomas v. Roach*, 165 F.3d 137, 146 (2d Cir. 1999). "[T]he conspiracy must also be motivated by 'some racial or perhaps otherwise class-based, invidious discriminatory animus behind the

6

conspirators' action.'" *Id.* (quoting *Mian v. Donaldson, Lufkin & Jenrette Securities Corp.*, 7 F.3d 1085, 1088 (2d Cir.1993) (per curiam)).

Plaintiff fails to state a claim under § 1985 because he does not identify any right violated by Defendants. Rather, he claims that the two entities charged with investigating and prosecuting individuals suspected of committing crimes – the DEA and the USAO – conspired to ensure that he would be indicted. This allegation essentially challenges the proceedings leading up to his indictment. But Plaintiff's claim, that Defendants testified falsely before a grand jury and presented false evidence, does not state a violation of any right. Put simply, Plaintiff's assertion that false evidence and false testimony presented at the grand jury amounted to a conspiracy to indict him does not state a claim that Defendants conspired to violate any right of Plaintiff's.

Plaintiff ultimately seeks to challenge his conviction. His pending § 2255 motion is the appropriate vehicle to do so. The Court therefore dismisses Plaintiff's § 1985 claim for failure to state a claim.

**D.    The Court grants Plaintiff leave to replead his claim that DEA agents conspired against him**

The Supreme Court has recognized *Bivens* claims in three contexts: (1) unreasonable search and seizure under the Fourth Amendment, *Bivens*, 403 U.S. 388 (1971), (2) employment discrimination under the Fifth Amendment, *Davis v. Passman*, 442 U.S. 228 (1979), and (3) inadequate medical treatment of an inmate under the Eighth Amendment, *Carlson*, 446 U.S. at 18 (1980). *See Ziglar,* 137 S. Ct. at 1854-55. Otherwise, the Supreme Court "has made clear that expanding the *Bivens* remedy is . . . a 'disfavored' judicial activity." *Id.* at 1857.

Conclusory and vague allegations of conspiracy are insufficient to state a claim under *Bivens*. *See Arar v. Ashcroft*, 585 F.3d 559, 569 (2d Cir. 2009) ("[A] plaintiff in a *Bivens* action is required to allege facts indicating that the defendants were personally involved in the claimed

7

constitutional violation"); *see also Sommer v. Dixon*, 709 F.2d 173, 175 (2d Cir. 1983) ("A complaint containing only conclusory, vague, or general allegations of conspiracy to deprive a person of constitutional rights cannot withstand a motion to dismiss.").

As an initial matter, post-*Ziglar*, the Court is inclined to dismiss Plaintiff's *Bivens* conspiracy claim against the DEA agents for any conduct in which they are not immune under the doctrine of witness immunity. But, whether Plaintiff may bring a *Bivens* conspiracy claim against the DEA agents for conduct outside of the grand jury proceeding has not been decided by the Supreme Court.[3] Although Plaintiff's claim is conclusory and vague, because it would not be futile to grant leave to replead, the Court does so here. Accordingly, the Court grants Plaintiff leave to replead facts in support of his conspiracy claim against DEA agents related to any conduct outside of the grand jury proceeding.

**CONCLUSION**

The Clerk of Court is directed to assign this matter to my docket, mail a copy to Plaintiff, and note service on the docket. Plaintiff's complaint is dismissed under the doctrines of prosecutorial immunity, witness immunity, and for failure to exhaust his FTCA claims, with leave to replead his conspiracy claims against DEA agents. See 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii).

Plaintiff's request to provide documents (ECF No. 3) and his motion for summary judgment (ECF No. 4) are denied as moot.

Because this action is being dismissed with leave to replead, the Court declines to accept as related any another action Plaintiff has filed. (*See* ECF No. 5.)

---

[3] Because federal witnesses are immune for their testimony at a grand jury proceeding, the Supreme Court need not consider whether a plaintiff *could* bring a *Bivens* action concerning witness testimony.

8

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated: May 13, 2019
New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge